THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK MUNIZ,<br><br>             Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>             Defendant. | Case No. C10-0717-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss for failure to state a claim (Dkt. No. 32), Plaintiff's response (Dkt. No. 43), Defendant's reply (Dkt. No. 44), Plaintiff's fourth motion to amend (Dkt. No. 41), Defendant's response (Dkt. No. 45), and Plaintiff's reply (Dkt. No. 47). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, GRANTS the motion to dismiss, and DENIES the motion to amend for the reasons explained herein.

I.    BACKGROUND

    A.    Procedural History

Plaintiff initiated this putative class action in the United States District Court for the Eastern District of Pennsylvania in January 2010. (Compl. (Dkt. No. 1).) After two amended complaints (Dkt. Nos. 2, 8) and two motions to dismiss (Dkt. Nos. 3, 11), the parties stipulated

1   to the filing of a third amended complaint and the transfer of the case to the Western District of
2   Washington, in accordance with the forum-selection clause of the contract between Plaintiff
3   and Defendant. (Stipulation 1 (Dkt. No. 18).)
4         In April, Plaintiff filed his third amended complaint. (Dkt. No. 20.) Defendant
5   subsequently filed its third motion to dismiss. (Dkt. No. 32.) Plaintiff then filed his fourth
6   motion to amend his complaint, seeking to add claims for violation of California consumer-
7   protection law and to dismiss claims of fraud and negligence. (Dkt. No. 41.)
8         B.      Factual Background
9         Plaintiff, a California resident, was a customer of Defendant's Microsoft Points system,
10  Xbox Live, Xbox 360, and Zune services. (Third Am. Compl. ¶ 3 (Dkt. No. 20 at 1).)
11  Microsoft Points is "an online, renewable, stored-value system" that "lets people buy digital
12  goods and services" from Defendant. (*Id.* at ¶ 4.) Plaintiff agreed to Defendant's form contract
13  prior to purchasing Microsoft Points. (Pl.'s Resp. 8 (Dkt. No. 43 at 9).)
14        Plaintiff alleges that Defendant committed fraud by requiring users to purchase
15  Microsoft Points in large, nonrefundable blocks that do not correspond to the purchase prices
16  of the digital goods and services offered. (Third Am. Compl. ¶ 5 (Dkt. No. 20 at 2).) Plaintiff
17  alleges that the unspent residual points can only be used by buying more large blocks of points,
18  which again result in residual points. (*Id.*)
19        Plaintiff alleges breach of contract, stating that Defendant, "expressly and/or implicitly,
20  contractually agreed to provide" the online Microsoft Points marketplace and agreed to "only
21  charge Plaintiffs for the complete, whole and or [sic] actual digital goods and services
22  purchased by Plaintiffs." (*Id.* at ¶ 19.) Plaintiff claims that "Defendant breached that contract
23  by collecting revenues for digital goods and services which were not provided." (*Id.*)
24        Plaintiff alleges negligence, asserting that Defendant did not "adequately monitor its
25  Microsoft Points system for point fraud," did not "protect plaintiff and the Class from point
26

1  fraud, and . . . charg[ed] plaintiff and the Class for incomplete and or [sic] partial downloads of
2  digital goods and services" without providing refunds. (*Id.* at ¶ 23.)

3  Plaintiff alleges that Defendant was unjustly enriched as a result of "point fraud" and
4  that Plaintiff did not get the benefit of his bargain. (*Id.* at ¶ 24.)

5  Lastly, Plaintiff alleges that Defendant engaged in "unlawful, unfair and/or fraudulent
6  business acts or practices . . . in violation of Pennsylvania, New Jersey, and Federal law." (*Id.*
7  at ¶ 30.)

8  II.  DISCUSSION

9      A.  **Motion to Dismiss**

10  Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim
11  for "failure to state a claim upon which relief can be granted." Although, under Federal Rule of
12  Civil Procedure 8, a motion to dismiss need not provide detailed factual allegations, it must
13  offer "more than labels and conclusions" and contain more than a "formulaic recitation of the
14  elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The
15  complaint must indicate more than mere speculation of a right to relief. *Id*; *see also Ashcroft v.*
16  *Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 ("Threadbare recitals of the elements of a cause of
17  action, supported by mere conclusory statements, do not suffice.")

18  When a complaint fails to adequately state a claim, such deficiency should be "exposed
19  at the point of minimum expenditure of time and money by the parties and the court."
20  *Twombly*, 550 U.S. at 558. A complaint may be lacking for one of two reasons: (1) absence of
21  a cognizable legal theory or (2) insufficient facts under a cognizable legal claim. *Johnson v.*
22  *Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In ruling on a defendant's
23  motion to dismiss under Rule 12(b)(6), the court assumes the truth of the plaintiff's allegations
24  and draws all reasonable inferences in the plaintiff's favor. *Id.* at 1122.

25  //
26  //

**1.     Fraud**

For claims of fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake," *id.*, including "the who, what, when, where, and how of the misconduct." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). "A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation marks omitted). Rule 9(b) serves three purposes, one of which is to "prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id.* at 1125. The elements of fraud under California law[1] are "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004).

Plaintiff fails to satisfy both the Rule 8 and the Rule 9(b) pleading standards. Plaintiff merely states conclusory allegations of fraud without providing any supporting facts. Plaintiff does not point to any statement made by Defendant that was misleading. Plaintiff alleges nondisclosure of the inability to use all his Microsoft points without purchasing large blocks of points and making large amounts of purchases. (Third Am. Compl. ¶ 13 (Dkt. No. 20 at 5).) However, Plaintiff does not allege that Defendant failed to disclose the amount of points required for individual purchases or the increments in which points must be purchased.

---

[1] The choice-of-law provision in the contract between Plaintiff and Defendant provides that the parties use the state law of the Plaintiff's residence for all claims against Defendant other than contract claims. (Exhibit 1 ¶ 27 (Dkt. No. 11-4 at 12).) Plaintiff is a California resident. (*See* Def.'s Resp. 8 (Dkt. No. 43 at 9).) Both parties reference California law as the controlling law in their briefs (*see* Mot. to Dismiss 5 (Dkt. No. 32 at 10); (Def.'s Resp. 11 (Dkt. No. 43 at 12)), so the Court applies California law. Plaintiff would also fail to satisfy the fraud standard under Washington law. *See Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008).

ORDER, C10-0717-JCC
PAGE - 4

1  Moreover, Plaintiff does not provide the number of points he purchased, the number of points
2  needed for purchases he made, the increments in which points are sold, or the points needed for
3  goods and services. Plaintiff makes a blanket assertion of nondisclosure without providing any
4  factual basis for the assertion. Rule 9(b) seeks to avoid just this situation: where social and
5  economic resources are wasted by a fraud claim that lacks any factual basis. *See Kearns*, 567
6  F.3d at 1124. It is worth noting that Plaintiff, in his fourth motion to amend, seeks to dismiss
7  his fraud claim. (*Id.* at 3 (Dkt. No. 41).)

### 2. Breach of Contract

A breach-of-contract claim under Washington law[2] requires a showing of "(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of that duty." *Myers v. State*, 218 P.3d 241, 243 (Wash. App. 2009). A breach of contract claim must point to a provision of the contract that was breached. *See, e.g., Elliot Bay Seafoods, Inc. v. Port of Seattle*, 98 P.3d 491, 494 (Wash. App. 2004).

In alleging breach of contract, Plaintiff fails to point to any provision of the contract that Defendant breached or provide any factual basis for his allegations. Instead, Plaintiff states mere conclusory allegations that Defendant breached its contract "by collecting revenues for digital goods and services which were not provided." (Third Am. Compl. ¶ 19 (Dkt. No. 20 at 6).) In Plaintiff's nonsensical response to Defendant's motion to dismiss, Plaintiff argues that Defendant breached its contract by failing to include certain information disclosing the "point fraud" in the contract. (Dkt. No. 43 at 14.) Plaintiff misunderstands the legal doctrine of breach of contract: a contract cannot be breached if the contract does not include the term in question. *See Elliot Bay Seafoods, Inc.*, 98 P.3d at 494. In his response, Plaintiff identifies terms within the contract that Defendant allegedly breached but fails to allege any facts to support his

---

[2] Pursuant to the choice-of-law provision of the contract between Plaintiff and Defendant, Washington law governs the breach-of-contract claim. (Exhibit 1 ¶ 27 (Dkt. No. 11-4 at 12).)

1    allegations. (Dkt. No. 43 at 14.) Further, Defendant cannot breach the terms Plaintiff identifies

2    in his response. (*See id.*) Plaintiff alleges that Defendant breached the term "We Make No

3    Warranty," the paragraph informing Plaintiff that he may "have additional consumer rights

4    under . . . local laws," and the choice of law provision. (*Id.*) Plaintiff failed to plead a breach of

5    contract claim with the requisite particularity to meet the Rule 8 pleading standard.

6           **3.**      **Negligence**

7    To establish liability for negligence under California law, a plaintiff must establish

8    "duty, breach, causation, and damages." *Conroy v. Regents of the Univ. of Cal.*, 203 P.3d 1127,

9    1132 (Cal. 2009). Here, Plaintiff alleges that Defendant owed and breached its duty to monitor

10    and protect users from "point fraud" in the Microsoft Points system. (Third Am. Compl. ¶ 22

11    (Dkt. No. 20 at 6).) Plaintiff is essentially realleging his fraud claim. Plaintiff does not indicate

12    where this duty arose for Defendant to monitor its own allegedly fraudulent actions. In

13    Plaintiff's response, he cites fiduciary duty and California consumer-protection law as creating

14    the duty to monitor for point fraud. (Dkt. No. 43 at 17.) However, Plaintiff provides no legal

15    basis for why Defendant would owe Plaintiff a fiduciary duty. (*See id.*) Additionally, Plaintiff

16    did not plead any claims under California law. Plaintiff fails to adequately plead a negligence

17    claim. Notably, Plaintiff, in his fourth motion to amend, seeks to dismiss his negligence claim.

18    (*Id.* at 3.)

19           **4.**      **Unjust Enrichment**

20    Under California law, an "action for unjust enrichment does not lie where . . . express

21    binding agreements exist and define the parties' rights." *Cal. Med. Ass'n v. Aetna U.S.*

22    *Healthcare of Cal., Inc.*, 114 Cal. Rptr. 2d 109, 125 (Cal. Ct. App. 2001). Plaintiff may not

23    plead unjust enrichment as an alternative argument to claims based on the existence of an

24    express contract. *Gerlinger v. Amazon, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("Even

25    though Rule 8(e)(2) of the Federal Rules of Civil Procedure allows a party to state multiple,

26    even inconsistent claims, it does not alter a substantive right between the parties and

1 accordingly does not allow a plaintiff invoking [California] state law to allege an unjust
2 enrichment claim while also alleging an express contract.").

3 Here, Plaintiff acknowledges the presence of an express contract (s*ee, e.g.,* Third Am.
4 Compl. ¶ 19 (Dkt. No. 20 at 6)), so Plaintiff cannot bring a claim for unjust enrichment. In his
5 response, Plaintiff alleges that his unjust-enrichment claim is valid because the contract is
6 unenforceable. (Dkt. No. 43 at 19). Plaintiff fails to cite any law or allege any facts to support
7 his allegation that the contract is unenforceable. (*See id.*) Plaintiff fails to adequately plead a
8 claim of unjust enrichment.

### 5. Unfair Business Practices

10 Plaintiff alleges Defendant violated "Pennsylvania, New Jersey, and Federal law"
11 because of "unlawful, unfair and/or fraudulent business act[s] and practice[s]." (Third. Am.
12 Compl. ¶ 28 (Dkt. No. 20 at 7).) Plaintiff fails to cite what law Defendant violated and fails to
13 allege the factual basis for any such violation. Plaintiff also fails to explain why Pennsylvania
14 or New Jersey law would be applicable. Plaintiff does not meet the Rule 8 pleading standard
15 for his unfair-business-practices claim.

16 After Defendant brought these deficiencies to Plaintiff's attention, Plaintiff included the
17 applicable California consumer-protection law in his response. (Dkt. No. 43 at 19.) However,
18 Plaintiff still fails to allege which provisions of these statutes Defendant violated, the elements
19 of such a claim, or any facts to support his allegations. (*Id.*) Again, Plaintiff wholly fails to
20 meet the pleading requirements of Rule 8.

### B. Motion to Amend

22 Because more than twenty-one days have passed since Defendant filed a response
23 invoking Rule 12(b)(6), Plaintiff must seek leave of the Court to further amend his complaint.
24 Fed. R. Civ. P. 15(a). "[T]he court should freely give leave when justice so requires," *id.*, but
25 the Court may deny such a motion due to "undue delay, bad faith or dilatory motive on part of
26 the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party . . . , [and] futility of amendment," *Carvalho v. Equifax Info. Servs.*, 615 F.3d 1217, 1232 (9th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court has broad discretion to deny a motion to amend when the moving party was previously allowed to amend. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (quotation marks omitted)). It is within the Court's discretion to deny a motion to amend "when the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his contentions originally." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (quotation marks omitted).

Plaintiff seeks to amend his complaint for the fourth time to dismiss his claims for fraud and negligence and to allege claims under California consumer-protection and unfair-competition law. (Fourth Mot. to Am. 3 (Dkt. No. 41).) Plaintiff does not propose to plead any additional facts. (*See id.*) Plaintiff does not provide a reasonable explanation for failing to include the California consumer-protection claims in his first four complaints. (*See id.*) Instead, Plaintiff explains his failure to previously add the claim on the absence of local counsel. (Fourth Mot. to Am. 3–4 (Dkt. No. 41).) That excuse is insufficient because it does not justify the failure by "national counsel" to add the claim months ago. Because Plaintiff presents only new theories, not new facts, and fails to provide a satisfactory explanation for his failure to include those theories in his previous complaints, the Court, in its discretion, denies Plaintiff's fourth motion to amend. *See Nunes*, 375 F.3d at 808.

Moreover, granting Plaintiff's motion to amend would be an exercise in futility. The Court may deny a motion for leave to amend a complaint when the complaint "lacks an arguable basis either in law or in fact," or when its other deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court may deny a

motion to amend on futility alone. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

Plaintiff does not propose to add any additional facts in his fourth amended complaint. Instead, Plaintiff seeks to add claims under California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 (2009), and California's Unfair Competition Law, Cal. Bus & Prof. Code § 17200 (2008). California's Consumers Legal Remedies Act provides a list of the unfair or deceptive practices that the act renders unlawful. *See* Cal. Civ. Code § 1770 (2009). Plaintiff's fourth motion to amend does not indicate which provisions of the act Defendant violated. Upon a close reading of the act, Plaintiff's factual allegations do not remotely correlate with any of the unfair or deceptive practices rendered unlawful by the act. *See id.*

California's Unfair Competition Law makes unfair competition illegal; unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200 (2008). "By proscribing 'any unlawful' business practice, [Business & Professions Code,] section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Nelson v. Pearson Ford Co.*, 112 Cal.Rptr.3d 607, 631 (Cal. Ct. App. 2010). "An unlawful business practice . . . is an act or practice, committed pursuant to business activity, that is at the same time *forbidden by law*." *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 691–692 (Cal. Ct. App. 2010) (quotation marks omitted). However, as discussed above, Plaintiff fails to adequately plead a violation of any other law and does not seek to add viable claims in his fourth amended complaint. Thus, Plaintiff failed to plead that Defendant committed an unlawful business act.

Finding a business act to be unfair "entails examination of the impact of the practice or act on its victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Countrywide Fin. Corp. v. Bundy*, 113 Cal. Rptr. 3d

ORDER, C10-0717-JCC
PAGE - 9

705, 722 (Cal. Ct. App. 2010) (quotation marks omitted). As pleaded by Plaintiff, the impact on the alleged victims from Defendant's Microsoft Points system is that the victims are left with residual points that can only be used by buying more points. (*See* Third Am. Compl. ¶ 5 (Dkt. No. 20 at 2).) The justification for Defendant's use of Microsoft Points in its marketplace is the simplification of pricing its many products. (*See* Ex. 2 (Dkt. No. 43-4).) Users from around the world shop on the marketplace, and, if not for the point system, Defendant would face the daunting task of individually pricing each item in the marketplace using a variety of currencies, constantly updating those prices as currency rates fluctuate. (*See id.*) The point system offers vast simplicity by allowing the price for a service to remain the same, as priced in points, while the purchasing price of points can be adjusted for currency fluctuations. (*See id.*) This is a valid justification. Further, Plaintiff pleads no facts indicating that Defendant had an illicit motive. Additionally, Defendant fully disclosed in the contract with Plaintiff that points have no monetary value and cannot be converted to cash:

> Points have no monetary value. You may not obtain any cash or money in exchange for Points, regardless of how you acquired those Points. Points are not your personal property. Your only recourse for using Points is to obtain the specific online services or digital products that we offer for Points redemption . . . We encourage you to redeem your Points.

(Ex. A1 ¶ 15 (Dkt. No. 3-5 at 9–10).) Also, Plaintiff does not allege that prior to making purchases he was unable to view the number of points needed to purchase items or the increments in which Defendant sold the points. The utility to Defendant in simplifying its pricing outweighs the gravity of the harm Plaintiff alleges. Allowing amendment to include a claim for unfair business practices is futile.

Finally, California Unfair Competition Law prohibits fraudulent business practices. "The term 'fraud' is not predicated upon proof of the common law tort of deceit or deception but simply means whether the public is likely to be deceived." *Countrywide Fin. Corp.*, 113 Cal. Rptr. 3d at 722. Defendant disclosed the limited uses of Microsoft Points in its contract. (*See* Ex. A1 ¶ 15 (Dkt. No. 3-5 at 9–10).) Plaintiff does not allege that he could not view the

number of points needed to purchase items or the blocks in which points were sold prior to his purchases, allowing him to make an informed decision. Plaintiff fails to plead any facts that demonstrate deception by Defendant.

Plaintiff has filed four prior complaints and proposes to add futile theories to his new complaint. The Court denies Plaintiff's fourth motion to amend his complaint.

III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (Dkt. No. 32) and DENIES Plaintiff's fourth motion to amend (Dkt. No. 41). The Court DISMISSES this action with prejudice.

DATED this 29th day of October, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE